Bruce Levinson, Esq. (BL-0749)
Law Offices of Bruce Levinson
747 Third Avenue, 4th Floor
New York, New York, 10017-2803
Telephone: (212) 750-9898
Facsimile: (212) 750-2536
b.levinson@verizon.net

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **GLOBAL UNLIMITED MARKETING SOLUTIONS, INC., a Florida corporation,**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**GURUM CORPORATION dba JAY GLOBAL ENTERPRISES, a New York corporation, CHIN HU JUNG, KONG JUNG, STEVEN LIM and AARON CHANG,**<br><br>**Defendants.** | **CASE NO.: 06cv13225**<br><br>**CIVIL ACTION COMPLAINT** |

For its complaint, Plaintiff respectfully states as follows:

## THE PARTIES

1.      Plaintiff is Global Unlimited Marketing Solutions, Inc. ("Global Unlimited"), a Florida corporation with its principal place of business located at 2160 N.W. 8th Avenue, Miami, Florida.

2.      Plaintiff is engaged in the business of buying and selling wholesale quantities of perishable agricultural commodities (hereafter "Produce") in interstate

commerce.

3.    Defendants are:

a)  Gurum Corporation dba Jay Global Enterprises (the "Debtor" or
"Gurum").   Upon information and belief, Gurum is a New York
corporation with its principal place of business located at 420 Hunts
Point Avenue, Bronx, New York.   Upon information and belief, the
Debtor was and is at all times pertinent herein, a dealer and
commission merchant subject to the provisions of the Perishable
Agricultural Commodities Act, 1930, 7 U.S.C. §§499a-499t (the
"PACA");

b)  Chin Hu Jung ("Chin"), an individual.   Upon information and
belief, Chin is the CEO of the Debtor, and, in that capacity,
controlled or was in a position to control the assets of the Debtor.
Upon information and belief, Chin is a resident of New Jersey;

c)  Kong Jung ("Kong"), an individual.   Upon information and belief,
Kong is the President of the Debtor, and, in that capacity, controlled
or was in a position to control the assets of the Debtor.   Upon
information and belief, Kong is a resident of New Jersey;

d)  Steven Lim ("Lim"), an individual.   Upon information and belief,
Lim is the Treasurer of the Debtor, and, in that capacity, controlled
or was in a position to control the assets of the Debtor.   Upon

information and belief, Lim is a resident of New Jersey; and

    e)   Aaron Chang ("Chang"), an individual.   Upon information and belief, Chang is the Accounting Manager of the Debtor, and, in that capacity, controlled or was in a position to control the assets of the Debtor.   Upon information and belief, Chang is a resident of New Jersey.

4.     Gurum, Chin, Kong, Lim and Chang will be collectively referred to as "Defendants."   Chin, Kong, Lim and Chang will be collectively referred to at times as the "Principals."

## JURISDICTION AND VENUE

5.     The District Court has jurisdiction over this civil action arising under §5(c)(4) of the PACA, 7 U.S.C. §499e(c)(4), pursuant to 28 U.S.C. §1331.  The Court has supplemental jurisdiction over Plaintiff's other claims pursuant to 28 U.S.C. §1367(a).

6.     Venue in this District is based on 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district, and a substantial part of the property that is the subject of this action is situated in this district.

## CLAIMS FOR RELIEF

## COUNT I

## DEFENDANT GURUM

## DECLARATORY RELIEF VALIDATING PACA TRUST CLAIM
### *7 U.S.C. § §499e(c)(3) and (4)*

7.      Plaintiff re-alleges paragraphs 1 through 6 as if stated herein.

8.      At all times relevant to this action, Gurum was a commission merchant, dealer or broker operating subject to the provisions of PACA.

9.      Between July 19 and October 16, 2006, Plaintiff sold to Gurum in interstate commerce, and Gurum purchased from Plaintiff, Produce in the total amount of $57,458.00.

10.     Plaintiff delivered the Produce to Gurum and Gurum accepted the Produce from Plaintiff.

11.     Pursuant to PACA, 7 U.S.C. §499e(c), at the time of Gurum's receipt of the Produce, Gurum became trustee of the PACA trust for the benefit of Plaintiff in the amount of $57,458.00.  The PACA trust consists of all Gurum's inventories of Produce, food or products derived from Produce ("Products"), accounts receivable and other proceeds of the sale of Produce or Products, and assets commingled or purchased or otherwise acquired with proceeds of such Produce or Products (assets subject to the PACA Trust are hereinafter referred to as "PACA Trust Assets")

12.     Plaintiff gave written notice of intent to preserve trust benefits to

Gurum in accordance with the PACA Amendments of 1995 by including the statutory trust language, as set forth in 7 U.S.C. §499e(c)(4), on each of its invoices and by sending those invoices to Gurum.

13.     Gurum failed to pay for the Produce despite Plaintiff's repeated demands.

14.     Pursuant to PACA, 7 U.S.C. §499e(c), Plaintiff is an unpaid supplier and seller of Produce, and is entitled to PACA trust protection and payment from Gurum's PACA Trust Assets.

15.     Plaintiff seeks the entry of an Order declaring that it is a PACA trust beneficiary of Gurum with a valid PACA trust claim in the amount of  $57,458.00, plus interest from the date each invoice became past due, costs and attorneys' fees.

## COUNT II

## DEFENDANT GURUM

## ENFORCEMENT OF PAYMENT FROM PACA TRUST ASSETS
### *7 U.S.C. §499e(c)(5)*

16.     Plaintiff re-alleges paragraphs 1 through 15 as if stated herein.

17.     Gurum is in possession, custody and control of PACA Trust Assets for the benefit of Plaintiff and other similarly situated PACA trust beneficiaries.

18.     Gurum failed to pay Plaintiff for the shipments of Produce listed above at paragraph 9 from the PACA Trust Assets.

19.     As a direct result of Gurum's failure to promptly pay Plaintiff, Plaintiff

suffered damages that are covered under the PACA trust in the amount of $57,458.00, plus interest from the date each invoice became past due, costs and attorneys' fees.

20.    Plaintiff seeks the entry of an Order directing Gurum to immediately turn over to the Plaintiff, as a beneficiary of this trust, an amount of the PACA Trust Assets equal to the sum of $57,458.00, plus interest from the date each invoice became past due, costs and attorneys' fees.

## COUNT III

### DEFENDANT GURUM

### VIOLATION OF THE PACA: FAILURE TO MAINTAIN PACA TRUST ASSETS AND CREATION OF COMMON FUND
#### 7 U.S.C. §499b(4)

21.    Plaintiff re-alleges paragraphs 1 through 20 as if stated herein.

22.    Gurum received each of the shipments of Produce identified in paragraph 9 above.

23.    Plaintiff properly preserved its trust benefits pursuant to 7 U.S.C. §499e(c)(4).

24.    PACA requires Gurum, as a PACA trustee, to hold its PACA Trust Assets in trust for the benefit of Plaintiff and all other unpaid suppliers of Produce until all such suppliers have received full payment.

25.    Gurum has failed to maintain sufficient trust assets to fully satisfy all qualified PACA trust claims including Plaintiff's asserted herein.

26.     As a direct result of Gurum's failure to properly maintain and protect the PACA Trust Assets from dissipation, Plaintiff has suffered damages which are covered under the PACA trust in the amount of $57,458.00, plus interest from the date each invoice became past due, costs and attorneys' fees.

27.     Plaintiff seeks entry of an Order creating a common fund from which all PACA trust beneficiaries may be paid by directing Gurum to maintain PACA Trust Assets equal to the sum of $57,458.00, plus the claims of all other unpaid suppliers of Produce that properly preserved their PACA Trust claims, directing Gurum to replenish the PACA trust to a level sufficient to satisfy all qualified PACA trust claims, and enjoining Gurum from dissipating PACA Trust Assets.

## COUNT IV

## DEFENDANT GURUM

## VIOLATION OF PACA: FAILURE TO PAY PROMPTLY
### *7 U.S.C. §499b(4)*

28.     Plaintiff re-alleges paragraphs 1 through 27 as if stated herein.

29.     Gurum received each of the shipments of Produce identified in paragraph 9 above.

30.     PACA requires all commission merchants, dealers, or brokers to make full payment promptly to its unpaid suppliers of Produce within the time set forth by 7 C.F.R. §46.2(aa).

31.     Gurum failed to pay these invoices within the payment terms.

32.    As a direct result of Gurum's failure to pay for each invoice within terms, the Plaintiff has incurred damages in the amount of $57,458.00, plus interest from the date each invoice became past due, costs and attorneys' fees.

33.    Plaintiff seeks entry of an Order directing Gurum to immediately pay Plaintiff the sum of $57,458.00, plus interest from the date each invoice became past due, costs and attorneys' fees.

## COUNT V

## DEFENDANT GURUM

## BREACH OF CONTRACT

34.    Plaintiff re-alleges paragraphs 1 through 33 as if stated herein.

35.    Plaintiff and Gurum entered into contracts under which Plaintiff agreed to sell the Produce and Gurum agreed to purchase the Produce, each of which is described in paragraph 9 above.

36.    Gurum breached its contracts with Plaintiff  by failing to pay for each shipment of Produce.

37.    As a direct result of Gurum's breach of contract, the Plaintiff has incurred damages in the amount of $57,458.00, plus interest from the date each invoice became past due, costs and attorneys' fees.

38.    Plaintiff seeks entry of an Order entering judgment in favor of Plaintiff and against Gurum in the amount of $57,458.00, plus interest from the date each invoice became past due, costs and attorneys' fees.

## COUNT VI

## THE PRINCIPALS – CHIN, KONG, LIM AND CHANG

## BREACH OF FIDUCIARY DUTY TO PACA TRUST BENEFICIARIES

39.     Plaintiff re-alleges paragraphs 1 through 38 as if stated herein.

40.     At all times relevant to this action, the Principals were officers, directors, shareholders or employees of Gurum.

41.     As the Principals of Gurum, Chin, Kong, Lim and Chang had a duty to ensure that Gurum fulfilled its duties as a PACA trustee, and maintained PACA Trust Assets in such a manner so as to ensure there were, at all times, sufficient Trust Assets available to satisfy all outstanding PACA trust obligations, such as that owed to Plaintiff, as they became due.

42.     The Principals had full knowledge and responsibility for the handling of Gurum's duties as trustee of the PACA trust.

43.     The Principals controlled or had a duty to control Gurum's operations and financial dealings, including those involving the PACA Trust Assets.

44.     Gurum breached its fiduciary duty to maintain sufficient PACA Trust Assets to pay all PACA trust claims as they became due.

45.     The Principals breached their respective fiduciary duties to direct Gurum to fulfill its duties as PACA trustee to preserve and maintain sufficient PACA Trust Assets to pay Plaintiff for the Produce supplied by it to Gurum.

46.     As a direct result of the Principals' respective breaches of fiduciary

duty, the Plaintiff has incurred damages in the amount of $57,458.00, plus interest from the date each invoice became past due, costs and attorneys' fees.

47.     The Principals are personally liable to Plaintiff for their  respective breaches of their respective fiduciary duties in dissipating the PACA trust to the extent of $57,458.00, plus interest from the date each invoice became past due, costs and attorneys' fees, less any monies Plaintiff receives from the PACA Trust Assets.

48.     Accordingly, Plaintiff seeks entry of an Order entering judgment in favor of Plaintiff and against the Principals -- jointly and severally -- in the amount of $57,458.00, plus interest from the date each invoice became past due, costs and attorneys' fees, less any monies Plaintiff receives from the PACA Trust Assets.

## COUNT VII

### THE PRINCIPALS – CHIN, KONG, LIM AND CHANG

### CONVERSION AND UNLAWFUL RETENTION OF PACA TRUST ASSETS

49.     Plaintiff re-alleges paragraphs 1 through 48 as if stated herein.

50.     Upon information and belief, Gurum transferred PACA Trust Assets to one or more of the Principals.

51.     These transfers of PACA Trust Assets were made in breach of the PACA trust.

52.     The Principals continue to hold any and all PACA Trust Assets having come into their respective individual possession as trustees for Plaintiff's beneficial interest in the PACA Trust.

53.     As a direct result of Principals' receipt and retention of PACA Trust Assets, the Plaintiff has incurred damages in the amount of $57,458.00, plus interest from the date each invoice became past due, costs and attorneys' fees, less any monies Plaintiff receives from the PACA Trust Assets.

54.     Accordingly, Plaintiff seeks entry of an Order requiring the Principals to disgorge and transfer any and all PACA Trust Assets that come into their possession and control to Plaintiff to the extent of $57,458.00, plus interest from the date each invoice became past due, costs, attorneys' fees, and punitive damages to be determined by the trier of fact, less any monies Plaintiff receives from the PACA Trust Assets.

## COUNT VIII

### THE PRINCIPALS – CHIN, KONG, LIM AND CHANG

### <u>FRAUDULENT TRANSFER</u>
**New York's Debtor and Creditor Law, N.Y. CLS Dr & Cr § 1, et. seq. (2005).**

55.     Plaintiff re-alleges paragraphs 1 through 54 as if stated herein.

56.     Upon information and belief, Gurum transferred its assets to the Principals and to other unknown third parties.

57.     These transfers were made after the claims of Plaintiff and other PACA trust beneficiaries arose.

58.     These transfers were made to or for the benefit of insiders of Gurum on antecedent debts and were made without consideration.

59.     Gurum was insolvent at the time of these transfers.

60.     At the time of these transfers, the recipients had reasonable cause to believe that Gurum was insolvent.

61.     These transfers were fraudulent transfers as proscribed by New York's Uniform Fraudulent Transfers Act, New York's Debtor and Creditor Law, N.Y. CLS Dr & Cr § 1, et. seq. (2005).

62.     Accordingly, Plaintiff seeks entry of an Order, as provided by N.Y. CLS Dr & Cr §273, avoiding the transfers, ordering the recipients to disgorge and transfer any and all such amounts to Plaintiff to the extent of $57,458.00, plus interest from the date each invoice became past due, costs, attorneys' fees, and awarding punitive damages to be determined by the trier of fact, less any monies Plaintiff receives from the PACA Trust Assets.

## COUNT  IX

## THE PRINCIPALS – CHIN, KONG, LIM AND CHANG

## <u>CONSTRUCTIVE TRUST</u>

63.     Plaintiff re-alleges paragraphs 1 through 62 as if stated herein.

64.     Upon information and belief, the Principals acquired assets using PACA trust assets which were being held by Gurum for the beneficial interest of Plaintiff, including the acquisition, maintenance or improvement of the real property located at 50 Cobblestone Xing, Norwood, New Jersey (the "Cobblestone Property"), resulting in the Cobblestone Property becoming a PACA trust asset.

65.     The Principals benefited themselves utilizing PACA trust assets, and as such, holds said assets in constructive trust as trustee for the benefit of Plaintiff herein.

66.     Accordingly, Plaintiff seeks entry of an order declaring that the Principals hold, in constructive trust as trustee for the benefit of Plaintiff, such amounts as were transferred from Gurum for their personal benefit in connection with the acquisition, maintenance or improvement of the Cobblestone Property, according to proof, as well as an Order directing the Principals to disgorge and transfer any and all such amounts to Plaintiff, imposing a constructive trust on the Cobblestone Property, and in the alternative, entering judgment against the Principal in the amount of $57,458.00.

**FOR THESE REASONS,** Plaintiff respectfully requests the entry of an Order providing as follows:

A.     As to Count I, declaring that Plaintiff is a PACA Trust beneficiary of Gurum with a valid PACA trust claim in the amount of  $57,458.00, plus interest from the date each invoice became past due, costs and attorneys' fees;

B.     As to Count II, directing Gurum to immediately turn over to the Plaintiff, as a beneficiary of this trust, an amount of the PACA Trust Assets equal to the sum of $57,458.00, plus interest from the date each invoice became past due, costs and attorneys' fees;

C.     As to Count III, directing Gurum to maintain PACA Trust Assets equal to the sum of $57,458.00, plus the claims of all other unpaid suppliers of produce that properly preserved their PACA Trust claims, enjoining Gurum from dissipating PACA Trust Assets and directing Gurum to replenish the PACA trust to a level sufficient to satisfy all qualified PACA trust claims;

D.   Enter Final Judgment in favor of Plaintiff and against Gurum on Counts I through V, in the amount of $57,458.00, plus interest from the date each invoice became past due, costs and attorneys' fees;

E.   As to Count VI, entering judgment in favor of Plaintiff and against the Principals -- jointly and severally -- in the amount of $57,458.00, plus interest from the date each invoice became past due, costs and attorneys' fees, less any monies Plaintiff receives from the PACA Trust Assets;

F.   As to Count VII, requiring the Defendants to disgorge and transfer any and all PACA Trust Assets that came into their possession and control to Plaintiff in the amount of $57,458.00, plus interest from the date each invoice became past due, costs, attorneys' fees, and punitive damages to be determined by the trier of fact, less any monies Plaintiff receives from the PACA Trust Assets;

G.   As to Count VIII, pursuant to N.Y. CLS Dr & Cr §273, avoiding the transfers and ordering the recipients to disgorge and transfer any and all such amounts to Plaintiff in the amount of $57,458.00, plus interest from the date each invoice became past due, costs, attorneys' fees, and punitive damages to be determined by the trier of fact, less any monies Plaintiff receives from the PACA Trust Assets;

H.   As to Count IX, declaring that the Principals hold, in constructive trust as trustee for the benefit of Plaintiff, such amounts as were transferred from Gurum for their personal benefit in connection with the acquisition, maintenance or improvement of the Cobblestone Property, according to proof, as well as an Order directing the Principals to disgorge and transfer any and all such amounts to Plaintiff, imposing a constructive trust on the Cobblestone Property, and in the alternative, entering judgment against the Principals in the amount of $57,458.00.

I.   Providing such other and further relief as the Court deems appropriate upon consideration of this matter

Respectfully submitted this 15th day of November, 2006.

**LAW OFFICES OF BRUCE LEVINSON**

OF COUNSEL:

**MEUERS LAW FIRM, P.L.**

By: _____/s/ Bruce Levinson_____

Katy L. Koestner, Esq.
Florida Bar No. 0159484
Steven E. Nurenberg, Esq.
Florida Bar No. 0808431
Steven M. De Falco, Esq.
Florida Bar No. 0733571
5395 Park Central Court
Naples, Florida   34109
Telephone: (239) 513-9191
Facsimile:  (239) 513-9677
kkoestner@meuerslawfirm.com
snurenberg@meuerslawfirm.com
sdefalco@meuerslawfirm.com
X:\docs\Jay Global\Pleadings\complaint.doc

Bruce Levinson, Esq. (BL-0749)
747 Third Avenue, 4th Floor
New York, New York 10017-2803
Telephone:  (212) 750-9898
Facsimile: (212) 750-2536
b.levinson@verizon.net

Attorneys for Plaintiff