USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/16/06

06 CV 13225

JUDGE CHIN

Bruce Levinson, Esq. (BL-0749)
Law Offices of Bruce Levinson
747 Third Avenue, 4th Floor
New York, New York, 10017-2803
Telephone: (212) 750-9898
Facsimile: (212) 750-2536
b.levinson@verizon.net

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GLOBAL UNLIMITED MARKETING SOLUTIONS, INC., a Florida corporation,<br><br>Plaintiff,<br><br>vs.<br><br>GURUM CORPORATION DBA JAY GLOBAL ENTERPRISES, a New York corporation, CHIN HU JUNG, KONG JUNG, and STEVEN LIM,<br><br>Defendants. | Case No.:<br><br><br><br><br>ORDER TO SHOW CAUSE FOR TEMPORARY RESTRAINING ORDER |

Upon the Declarations of Declarations of Carlos Del Canal, President of Global Unlimited Marketing Solutions, Inc., and Richard Vega, Manager of Tropical Sales for Global Unlimited Marketing Solutions, Inc.; the Attorney Certification Why Notice Should Not Be Required Pursuant to Rule 65(b); the Memorandum of Law; and other pleadings, papers and proceedings heretofore herein, let the Defendant Gurum Corporation dba Jay Global Enterprises ("Gurum") show cause before this Court on the 20th day of November, 2006 at 10 ☒ a.m. ☐ p.m. of that day or as soon thereafter as counsel can be heard, at the United States Courthouse, 500 Pearl Street, Court Room

(DC) __11A__, New York, New York, before the Honorable __Denny Chin__,

why an order for Preliminary Injunction should not be entered pursuant to Rule 65(a) of the Federal Rules of Civil Procedure enforcing the statutory trust pursuant to Section 5(c) of the Perishable Agricultural Commodities Act, 7 U.S.C. §499e(c), by segregating all trust assets of Gurum Corporation dba Jay Global Enterprises. Sufficient cause appearing therefore, it is:

**ORDERED**, that pending hearing and determination of this Order to Show Cause, Defendant, Gurum Corporation dba Jay Global Enterprises, its agents, officers, subsidiaries, assigns, and banking institutions, shall not alienate, dissipate, pay over or assign any PACA trust assets, without agreement of the parties or until further order of this Court, or until said Defendant pays Plaintiff the sum of $57,458.00 by cashiers' check or certified check. Under §499e(c)(2) of PACA, trust assets include perishable agricultural commodities received by a commission merchant, dealer or broker in all transactions, and all inventories of food or other products derived from perishable agricultural commodities, and any receivables or proceeds from the sale of such commodities or products, and it is further

**ORDERED**, that this Order shall be binding upon the parties to this action, their officers, agents, employees, banking institutions, or attorneys and all other persons or entities who receive actual notice of this Order by personal service or otherwise, and it is further

**ORDERED**, that Plaintiff is not required to give security in view of the fact that Defendant, Gurum Corporation dba Jay Global Enterprises, now holds $57,458.00 of PACA trust assets which are the Plaintiff's property and that this Order merely requires the Defendant <u>corporation</u> to obey the requirements of federal law, and it is further

**ORDERED**, that service of a copy of this Order, together with the summons and complaint, the annexed declarations and memorandum of law, by Federal Express or other nationally recognized overnight delivery service, on or before the 20th day of DC at 9:30am, November, 2006, shall be deemed good and sufficient service.

**DONE and ORDERED**, this 16th day of November, 2006 at New York, New York.

_____
United States District Judge
Southern District of New York