Bruce Levinson, Esq. (BL-0749)
Law Offices of Bruce Levinson
747 Third Avenue, 4th Floor
New York, New York, 10017-2803
Telephone: (212) 750-9898
Facsimile: (212) 750-2536
b.levinson@verizon.net

Katy L. Koestner, Esq.
Steven E. Nurenberg, Esq.
Steven M. De Falco, Esq.
Meuers Law Firm, P.L.
5395 Park Central Court
Naples, FL  34109
Telephone: (239) 513-9191
Facsimile: (239)513-9677

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **GLOBAL UNLIMITED MARKETING SOLUTIONS, INC.**, a Florida corporation, <br><br> Plaintiff, <br><br> vs. <br><br> **GURUM CORPORATION** dba **JAY GLOBAL ENTERPRISES**, a New York corporation, **CHIN HU JUNG, KONG JUNG, STEVEN LIM** and **AARON CHANG**, <br><br> Defendants. | Case No.: <br><br> DECLARATION OF CARLOS DEL CANAL IN SUPPORT OF MOTION FOR TEMPORARY RESTRAINING ORDER |

STATE OF FLORIDA                ) 
                                                ) ss:
COUNTY OF MIAMI-DADE   )

I, Carlos Del Canal, President, being duly sworn, depose and state as follows:

1. I am the President of Global Unlimited Marketing Solutions, Inc. ("Global Unlimited") and, in such capacity, file this Affidavit in support of Plaintiff's Motion for Temporary Restraining Order ("TRO") against the Defendants Gurum Corporation dba Jay Global Enterprises ("Gurum") Chin Hu Jung, Kong Jung, Steven Lim and Aaron Chang (collectively referred to as the "Defendants").

2. I am authorized to make this Affidavit and am competent to testify at trial regarding the statements made in this Affidavit.

3. Plaintiff, Global Unlimited, seeks a Temporary Restraining Order ("TRO") in this matter to preserve its beneficial interest in the statutory trust created under the Perishable Agricultural Commodities Act, 1930, 7 U.S.C. §§ 499a-499q, as amended (1984 & Supp. 1995) (the "PACA"). The PACA trust assets are now in the Defendants' possession and control.

## ACCOUNT HISTORY

4. Global Unlimited is a PACA licensee (PACA License No. 20050855.0).

5. Global Unlimited sold perishable agricultural commodities (hereinafter "Produce") to Gurum as described in the chart included with attached Composite Exhibit "A." As reflected on the chart, Gurum received and accepted the Produce and no adjustments have been made on the invoice amount except as listed. This chart uses the following terms, which shall have the following described meaning:

   A. **Invoice Number** refers to the number under which the commodity was sold to Gurum.

B.  **Date of Transaction** refers to the date, which begins the payment term between Global Unlimited and Gurum.

C.  **Date of Shipment** refers to the date Produce was delivered to Gurum.

D.  **Invoice Amount Due** refers to the total amount owed and remaining unpaid, regardless of whether the particular invoice amount qualifies for trust protection.

E.  **Trust Amount** refers to the amount owed and remaining unpaid which is entitled to trust protection due to Global Unlimited's satisfaction of the applicable PACA regulations.

6.  Included in Composite Exhibit "A" are true and accurate copies of all the invoices that contained the statutory trust language.

7.  Each invoice was properly addressed and mailed to Gurum via U.S. Mail, postage pre-paid, in the ordinary course of business as indicated on each invoice included with Exhibit "A."

8.  The Produce Global Unlimited sold to Gurum consisted of various fresh fruits and vegetables, all of which were shipped in interstate commerce and, accordingly, subject to the provisions of the PACA. Invoice Nos. 6662, 6694, and 6772 are price after sales transactions with the invoice amount based upon the weekly Market News Price, which is attached to the aforementioned invoices.

9.  Gurum has not paid the invoices and, upon information and belief, Gurum does not have sufficient funds to fully satisfy Global Unlimited's PACA trust claim in full, as required under the PACA. This dissipation of the trust is most commonly due to Gurum's diversion of the PACA trust assets to the claims of other creditors which are subordinate to the PACA trust claims such as Global Unlimited

or to Gurum's Principals' own personal use.

## EVIDENCE OF TRUST DISSIPATION

10. Beginning with Gurum's inability to satisfy Global Unlimited's PACA trust claims, I on behalf of Global Unlimited, began investigating Gurum's financial position. All of the information I have discovered concerning the financial status of Gurum has led me to believe that Gurum owes considerable sums to other Produce suppliers who are asserting qualified PACA trust claims and who are experiencing similar problems with collections from Gurum.

11. In October of 2006, I traveled to Bronx along with Richard Vega, Manager of Tropical Sales and salesman on these loads from Miami in order to meet with the officers of Gurum. On or about October 6th, Mr. Vega and I met with Chin Hu Jung, the President of Gurum. At that time, we were told by Chin Hu Jung that the company didn't have enough cash to pay the balance owed to Global Unlimited. We were told that he was in the process of closing on a piece of real property, which he expected to be complete within a week. When the closing was done, he would have enough money to pay the balance owed to Global Unlimited.

12. Chin Hu Jung assured me that Global Unlimited would be paid in full in the coming days, and as a sign of good faith, he furnished Global Unlimited with a post-dated check in the amount of $15,000.00.

13. About a week later, and after we returned to Miami, Global Unlimited contacted Chin Hu Jung at Gurum to investigate the status of payment. For the first time, Chin Hu Jung said that there were quality problems with some of the loads

supplied by Global Unlimited, and that he would not pay any of the amount due until the invoices were adjusted.

14. Although Mr. Vega and I both asked Chin Hu Jung for documents supporting any alleged quality problems, only one Federal Inspection was provided by Gurum.

15. It is customary in the produce industry for buyers of produce to report any problems with the quality or condition of the produce to the seller within 24 hours of receipt. In this case, no such problems were mentioned by the buyer until weeks after the sale. I am especially doubtful of the truth of these allegations because they were never mentioned at the time of the sale or at the time of my meeting with Chin Hu Jung. Additionally, no supporting documents have been provided, despite my requests.

16. I believe that Gurum is fabricating a dispute related to the quality of the product in order to delay collection efforts by Global Unlimited. It is my belief that the closing mentioned by Chin Hu Jung did not go through, and that consequently, Gurum does not have sufficient funds to pay the amounts owed to Global Unlimited.

17. Based upon the foregoing, we believe that Gurum has failed to maintain sufficient trust assets to satisfy its obligations to Global Unlimited, and is dissipating PACA trust assets.

18. Based on my personal experience, it appears that Gurum has and is continuing to dissipate the PACA trust to the point that Gurum is unable to satisfy not only the amounts owed to Global Unlimited, but also the claims of other similarly situated PACA trust claimants who may be unaware of the dissipated condition of the PACA trust. Thus, unless Gurum is forced to satisfy its non-Produce debt and other operating expenses out of its profit margin and not by dipping into the PACA trust assets, Gurum will continue to aggravate the situation through further dissipation of the PACA trust.

19. Based on my experience in the collection of Produce related receivables, I have found that when a situation has deteriorated to this extent, it inevitably leads to the liquidation of the entity charged with maintaining the PACA trust. My experience has also proven such dissipation will undoubtedly continue until any hope of recovery is lost, thereby rendering the trust protection under the PACA a meaningless formality.

**I declare, under penalty of perjury as set forth in 28 U.S.C. § 1746, the foregoing statements to be true and correct.**

_____
Carlos Del Canal, President

STATE OF FLORIDA         )
                         ) ss:
COUNTY OF MIAMI-DADE     )

SWORN TO AND SUBSCRIBED before me this _____ day of November, 2006 by Carlos Del Canal, President and authorized representative of Global

Unlimited Marketing Solutions, Inc., and who:  (*notary must check applicable box*)

    ☑    Is personally known to me

    ☐    Produced a current drivers license for identification
            State FL    Number D425-105-59-423-0

    ☐    Produced _____ as identification

_____
Notary Public, State of Florida
Odalys Fernandez
Notary Public (Print Name)

My Commission Expires:



ODALYS FERNANDEZ
Notary Public - State of Florida
My Comm. Expires Oct 20, 2008
Commission # DD 364678